**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re RASER TECHNOLOGIES, INC. | ) | Chapter 11 |
| Debtor. | ) | Case No. 11-11315 (KJC) |
| In re RASER TECHNOLOGIES OPERATING COMPANY, INC. | ) | Chapter 11 |
| Debtor. | ) | Case No. 11-11319 (KJC) |
| In re RASER POWER SYSTEMS, LLC | ) | Chapter 11 |
| Debtor. | ) | Case No. 11-11322 (KJC) |
| In re RT PATENT COMPANY, INC. | ) | Chapter 11 |
| Debtor. | ) | Case No. 11-11323 (KJC) |
| In re PACIFIC RENEWABLE POWER, LLC | ) | Chapter 11 |
| Debtor. | ) | Case No. 11-11327 (KJC) |
| In re WESTERN RENEWABLE POWER, LLC | ) | Chapter 11 |
| Debtor. | ) | Case No. 11-11328 (KJC) |
| In re INTERMOUNTAIN RENEWABLE POWER, LLC | ) | Chapter 11 |
| Debtor. | ) | Case No. 11-11330 (KJC) |
| In re LOS LOBOS RENEWABLE POWER, LLC | ) | Chapter 11 |
| Debtor. | ) | Case No. 11-11331 (KJC) |
| In re COLUMBIA RENEWABLE POWER, LLC | ) | Chapter 11 |
| Debtor. | ) | Case No. 11-11333 (KJC) |

| | |
|---|---|
| In re TRUCKEE GEOTHERMAL NO. 1 SV-01, LLC<br>　　　　　Debtor. | Chapter 11<br>Case No. 11-11334 (KJC) |
| In re TRUCKEE GEOTHERMAL NO. 2, SV-04, LLC<br>　　　　　Debtor. | Chapter 11<br>Case No. 11-11337 (KJC) |
| In re TRAIL CANYON GEOTHERMAL NO. 1 SV-02, LLC<br>　　　　　Debtor. | Chapter 11<br>Case No. 11-11338 (KJC) |
| In re DEVIL'S CANYON GEOTHERMAL NO. 1 SV-03, LLC<br>　　　　　Debtor. | Chapter 11<br>Case No. 11-11341 (KJC) |
| In re THERMO NO. 1 BE-01, LLC<br>　　　　　Debtor. | Chapter 11<br>Case No. 11-11339 (KJC) |
| In re THERMO NO. 2 BE-02, LLC<br>　　　　　Debtor. | Chapter 11<br>Case No. 11-11343 (KJC) |
| In re THERMO NO. 3 BE-03, LLC<br>　　　　　Debtor. | Chapter 11<br>Case No. 11-11344 (KJC) |
| In re CRICKET GEOTHERMAL NO. 1 MI-01, LLC<br>　　　　　Debtor. | Chapter 11<br>Case No. 11-11347 (KJC) |
| In re HARMONY GEOTHERMAL NO. 1 IR-01, LLC<br>　　　　　Debtor. | Chapter 11<br>Case No. 11-11348 (KJC) |

|   |   |   |
|---|---|---|
| In re LIGHTNING DOCK GEOTHERMAL HI-01, LLC | ) ) ) ) ) | Chapter 11 Case No. 11-11349 (KJC) |
| Debtor. | | |
| In re KLAMATH GEOTHERMAL NO. 1 KL-01, LLC | ) ) ) ) ) | Chapter 11 Case No. 11-11350 (KJC) |
| Debtor. | | |

**MOTION TO AUTHORIZE JOINT ADMINISTRATION OF CASES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)**

Debtors Raser Technologies, Inc., Raser Technologies Operating Company, Inc., Raser Power Systems, LLC, RT Patent Company, Inc., Pacific Renewable Power, LLC, Western Renewable Power, LLC, Intermountain Renewable Power, LLC, Los Lobos Renewable Power, LLC, Columbia Renewable Power, LLC, Truckee Geothermal No. 1 SV-01, LLC, Truckee Geothermal No. 2, SV-04, LLC, Trail Canyon Geothermal No. 1 SV-02, LLC, Devil's Canyon Geothermal No. 1 SV-03, LLC, Thermo No. 1 BE-01, LLC, Thermo No. 2 BE-02, LLC, Thermo NO. 3 BE-03, LLC, Cricket Geothermal No. 1 MI-01, LLC, Harmony Geothermal No. 1 IR-01, LLC, Lightning Dock Geothermal HI-01, LLC, and Klamath Geothermal No. 1 KL-01, LLC (collectively, the "Debtors"), debtors and debtors-in-possession in the above-captioned cases, by their undersigned counsel, hereby move this Court pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure for the District of Delaware (the "Local Rules") for entry of an order, the proposed form of which is attached hereto as Exhibit A, authorizing the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only (the "Motion"). In support of this Motion, the Debtors rely on the Declaration of Nicholas Goodman

in support of Chapter 11 Petitions and Related Motions (the "Goodman Declaration"). In further support of this Motion, the Debtors submit as follows:

### I. Jurisdiction, Venue and Predicates for Relief

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §157 (b)(2).

2. The predicates for the relief requested herein are Bankruptcy Rule 1015(b) and Local Rule 1015-1.

### II. Background

3. On the date hereof (the "Petition Date"), each of the Debtors filed with the Court their respective voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), commencing the above-captioned chapter 11 cases. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No creditors' committee has been appointed in these cases. No trustee or examiner has been appointed.

5. A full description of the Debtors' business operations, corporate structures, capital structures, and reasons for commencing these cases is set forth in full in the Goodman Declaration, which was filed contemporaneously with this Motion and which is incorporated herein by reference. Additional facts in support of the specific relief sought herein are set forth below.

### III. Relief Requested

6. The Debtors hereby request that this Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

### IV. Basis For Relief

7. Bankruptcy Rule 1015(b) states that: "[I]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates" of such debtor and affiliates. Debtor Raser Technologies, Inc. ("<u>Raser</u>") is the direct or indirect parent or a significant shareholder and manager of each of the other Debtors in the above-captioned reorganization cases, each of which is an "affiliate" as that term is defined in section 101(2) of the Bankruptcy Code[1] and used in Bankruptcy Rule 1015(b). Therefore, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b).

---

[1] Section 101(2) of the Bankruptcy Code defines an "affiliate" as:

> [A] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities —
>
> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>
> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
> [B] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>
> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote.

11 U.S.C. § 101(2).

8. Further, joint administration of the Debtors' estates will be less costly and burdensome than the separate administration of the estates. For example, joint administration will permit the use of a single, general docket for the Debtors' cases and combined notices to creditors and other parties in interest of the Debtors' respective estates. The Debtors believe it likely that numerous filings and additional matters, including notices, applications, motions, orders, hearings and other proceedings will be made, issued or convened in these cases. Many of these will affect all of the Debtors. Joint administration will protect parties in interest by ensuring that parties affected by each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in those cases.

9. Joint administration of the Debtors' estates also will avoid repetitive, duplicative and potentially confusing filings by permitting counsel for all parties in interest to (i) use a single caption on the numerous documents that will be filed and served in the Debtors' reorganization cases, and (ii) file many documents in only one of the Debtors' reorganization cases rather than in multiple cases; <u>provided</u>, <u>however</u>, that all schedules of assets and liabilities, statements of financial affairs, and proofs of claims will be captioned and filed in each of the Debtors' respective, separate cases, as appropriate. Moreover, joint supervision of the administrative aspects of the chapter 11 cases by the office of the U.S. Trustee and the Court will be simplified. As such, joint administration will promote the economical and efficient administration of the Debtors' estates to the benefit of the Debtors, creditors, the office of the U.S. Trustee and the Court.

10. The rights of the respective creditors of each of the Debtors will not be prejudiced by joint administration of these cases. The relief requested in this Motion is purely procedural and will in no way affect any party's substantive rights.

11. The Debtors propose that the Court establish the following official caption to be used by all parties in all pleadings in the Debtors' jointly administered cases, except as otherwise specifically provided herein:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| RASER TECHNOLOGIES, INC., *et al.*, | ) | Case No. 11-11315 (KJC) |
| Debtors. | ) | (Jointly Administered) |

12. The Debtors submit that all parties' use of the simplified caption designated above, without reference to the Debtors' respective states of incorporation and tax incorporation matters, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

## V. Notice

13. Notice of this Motion has been provided to: (a) the U.S. Trustee; and (b) the creditors holding the 30 largest unsecured claims against the Debtors' estates, as identified in the Debtors' chapter 11 petitions. The Debtors submit that no other or further notice need be provided.

## VI. No Prior Request

14. No prior motion for the relief requested herein has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested herein, and (b) grant to the Debtors such other and further relief as the Court may deem proper.

Dated: April 29, 2011  
      Wilmington, Delaware

BAYARD, P.A.

By:   */s/ Neil B. Glassman*
Neil B. Glassman (No. 2087)
Jamie L. Edmonson (No. 4247)
GianClaudio Finizio (No. 4253)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
Phone: (302) 655-5000
Fax: (302) 658-6395
nglassman@bayardlaw.com
jedmonson@bayardlaw.com
gfinizio@bayardlaw.com

-and-

Peter S. Partee, Sr. (N.Y. Bar No. 4484234))
Richard P. Norton (N.Y. Bar No. 3975737)
HUNTON & WILLIAMS LLP
200 Park Avenue, 53rd Floor
New York, New York 10166-0136
Telephone: (212) 309-1000
Telecopier: (212) 309-1100

-and-

Michael G. Wilson (VSB No. 48927, DE No. 4022)
Henry P. (Toby) Long, III (VSB No. 75134)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Telecopier: (804) 788-8218

*Proposed Attorneys for Debtors*
*and Debtors-in-Possession*

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re RASER TECHNOLOGIES, INC. <br> Debtor. | ) <br> ) <br> ) <br> ) | Chapter 11 <br> Case No. 11-11315 (KJC) |
| In re RASER TECHNOLOGIES OPERATING COMPANY, INC. <br> Debtor. | ) <br> ) <br> ) <br> ) <br> ) | Chapter 11 <br> Case No. 11-11319 (KJC) |
| In re RASER POWER SYSTEMS, LLC <br> Debtor. | ) <br> ) <br> ) <br> ) | Chapter 11 <br> Case No. 11-11322 (KJC) |
| In re RT PATENT COMPANY, INC. <br> Debtor. | ) <br> ) <br> ) <br> ) | Chapter 11 <br> Case No. 11-11323 (KJC) |
| In re PACIFIC RENEWABLE POWER, LLC <br> Debtor. | ) <br> ) <br> ) <br> ) | Chapter 11 <br> Case No. 11-11327 (KJC) |
| In re WESTERN RENEWABLE POWER, LLC <br> Debtor. | ) <br> ) <br> ) <br> ) | Chapter 11 <br> Case No. 11-11328 (KJC) |
| In re INTERMOUNTAIN RENEWABLE POWER, LLC <br> Debtor. | ) <br> ) <br> ) <br> ) <br> ) | Chapter 11 <br> Case No. 11-11330 (KJC) |
| In re LOS LOBOS RENEWABLE POWER, LLC <br> Debtor. | ) <br> ) <br> ) <br> ) | Chapter 11 <br> Case No. 11-11331 (KJC) |
| In re COLUMBIA RENEWABLE POWER, LLC <br> Debtor. | ) <br> ) <br> ) <br> ) | Chapter 11 <br> Case No. 11-11333 (KJC) |

| | |
|---|---|
| In re TRUCKEE GEOTHERMAL NO. 1 SV-01, LLC<br>              Debtor. | Chapter 11<br>Case No. 11-11334 (KJC) |
| In re TRUCKEE GEOTHERMAL NO. 2, SV-04, LLC<br>              Debtor. | Chapter 11<br>Case No. 11-11337 (KJC) |
| In re TRAIL CANYON GEOTHERMAL NO. 1 SV-02, LLC<br>              Debtor. | Chapter 11<br>Case No. 11-11338 (KJC) |
| In re DEVIL'S CANYON GEOTHERMAL NO. 1 SV-03, LLC<br>              Debtor. | Chapter 11<br>Case No. 11-11341 (KJC) |
| In re THERMO NO. 1 BE-01, LLC<br>              Debtor. | Chapter 11<br>Case No. 11-11339 (KJC) |
| In re THERMO NO. 2 BE-02, LLC<br>              Debtor. | Chapter 11<br>Case No. 11-11343 (KJC) |
| In re THERMO NO. 3 BE-03, LLC<br>              Debtor. | Chapter 11<br>Case No. 11-11344 (KJC) |
| In re CRICKET GEOTHERMAL NO. 1 MI-01, LLC<br>              Debtor. | Chapter 11<br>Case No. 11-11347 (KJC) |
| In re HARMONY GEOTHERMAL NO. 1 IR-01, LLC<br>              Debtor. | Chapter 11<br>Case No. 11-11348 (KJC) |

| | ) | |
|---|---|---|
| In re LIGHTNING DOCK GEOTHERMAL HI-01, LLC | ) ) | Chapter 11 Case No. 11-11349 (KJC) |
| Debtor. | ) ) | |
| | ) | |
| In re KLAMATH GEOTHERMAL NO. 1 KL-01, LLC | ) ) | Chapter 11 Case No. 11-11350 (KJC) |
| Debtor. | ) ) ) | |

**ORDER AUTHORIZING JOINT ADMINISTRATION OF CASES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for an order authorizing the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only, the Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b), (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors, (iv) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary, and (v) good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion. Therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. The above-captioned cases are consolidated for procedural purposes only and shall be administered jointly under Case No. 11-11315 (KJC) in accordance with the provisions of

3

Bankruptcy Rule 1015(b), and the joint caption of the cases shall read as it appears immediately below:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| RASER TECHNOLOGIES, INC., *et al.*, | ) | Case No. 11-11315 (KJC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

3. All original pleadings shall be captioned as indicated in the preceding paragraph, without reference to the Debtors' respective states of incorporation and tax incorporation matters, all original docket entries shall be made solely in the case of Raser Technologies, Inc., Case No. 11-11315 (KJC) unless the Court orders otherwise.

4. A docket entry shall be made in each of the other Debtors' chapter 11 cases substantially as follows:

> An order has been entered in this case consolidating this case with the case of Raser Technologies, Inc., Case No. 11-11315 (KJC) for procedural purposes only and providing for its joint administration in accordance with the terms thereof.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

5. All schedules of assets and liabilities, statements of financial affairs, and proofs of claim shall be captioned and filed in each of the Debtors' respective, separate cases, as appropriate. All other documents shall be captioned and filed solely in the lead case unless otherwise ordered by the Court.

Dated: _____, 2011
  Wilmington, Delaware

_____
Honorable Kevin J. Carey
Chief United States Bankruptcy Judge