B26 (Official Form 26) (12/08)

# United States Bankruptcy Court
For the District of Delaware

In re Raser Technologies, Inc., et al,   Case No. 11-11315 (KJC)
Debtor                                    Chapter 11

## PERIODIC REPORT REGARDING VALUE, OPERATIONS AND PROFITABILITY OF ENTITIES IN WHICH THE ESTATE OF Raser Technologies, Inc., et al HOLDS A SUBSTANTIAL OR CONTROLLING INTEREST

This is the report as of May 27, 2011 on the value, operations and profitability of those entities in which the estate holds a substantial or controlling interest, as required by Bankruptcy Rule 2015.3. The estate of Raser Technologies, Inc., et al holds a substantial or controlling interest in the following entities:

| Name of Entity | Interest of the Estate | Tab # |
|---|---|---|
| Via Motors, Inc | 31.7% interest @ 12/31/10 | |
| | | |
| | | |

This periodic report (the "Periodic Report") contains separate reports ("Entity Reports") on the value, operations, and profitability of each entity listed above.

Each Entity Report shall consist of three exhibits. Exhibit A contains a valuation estimate for the entity as of a date not more than two years prior to the date of this report. It also contains a description of the valuation method used. Exhibit B contains a balance sheet, a statement of income (loss), a statement of cash flows, and a statement of changes in shareholders' or partners' equity (deficit) for the period covered by the Entity Report, along with summarized footnotes. Exhibit C contains a description of the entity's business operations.

THIS REPORT MUST BE SIGNED BY A REPRESENTATIVE OF THE TRUSTEE OR DEBTOR IN POSSESSION.

The undersigned, having reviewed the above listing of entities in which the estate of Raser Technologies, Inc., eta al holds a substantial or controlling interest, and being familiar with the Debtor's financial affairs, verifies under the penalty of perjury that the listing is complete, accurate and truthful to the best of his/her knowledge.

Date: 5|24|11

*[signature]*
Signature of Authorized Individual

John Perry
Name of Authorized Individual

CFO
Title of Authorized Individual

[If the Debtor is an individual or in a joint case]

Signature(s) of Debtor(s) (Individual/Joint)

*[signature: Nicholay Goodman]*
Signature of Debtor

_____
Signature of Joint Debtor

# Exhibit A
## Valuation Estimate for Via Motors, Inc.

On November 2, 2010, the Debtor entered into a letter of intent, or LOI, with a private investor ("Investor Group") for the purpose of forming and capitalizing a new and independent electric vehicle company named VIA Automotive (later named VIA Motors, Inc.), a privately held a Delaware corporation. On November 19, 2010, the Debtor completed the sale of substantially all of its Transportation and Industrial business segment assets to VIA Motors for $2.5 million in cash, the issuance of shares of VIA Motors common stock representing approximately 39% of VIA Motors issued and outstanding common shares and the assumption of certain liabilities related to the Transportation and Industrial business segment of approximately $1.0 million. The Debtor 39% interest is subject to pro rata dilution of a maximum of approximately 8% as a result of equity issuances to employees and directors. In addition, VIA Motors is obligated to close on not less than $10.0 million of additional equity or equity-linked securities in VIA Motors. According to the November 2010 agreements, the Debtor is entitled to be issued additional shares of VIA Motors common stock as additional contingent consideration due to an anti-dilution feature contained in the agreements which provides that the subsequent issuance of up to $10.0 million of additional equity by VIA Motors shall not dilute the Debtors approximate 31% ownership of the common equity in VIA Motors.

Relative to this transaction the Debtor engaged Sage Forensic Accounting ("Sage") to perform specific valuations of Via Motors Inc. ("Via") as of November 18, 2010. Pursuant to a report issued by Sage dated April 12, 2011 the estimated fair value of Via at November 18, 2010 was $5,731,000 and the estimated fair value of the Debtors interest in Via was estimated to be $2,207,000 as of November 18, 2010.

The following is a summary of the valuation method and basis used by Sage:

The standard of value for this engagement is fair value. Fair value is defined under US GAAP (FAS 157), fair value is the amount at which the asset could be bought or sold in a current transaction between willing parties, or transferred to an equivalent party, other than in a liquidation sale.

A determination of fair value will depend on the circumstances in each case. No formula can be devised that will be generally applicable to the different valuation issues that arise.

In this instance, the appraiser considered, among other factors, all elements listed in Revenue Ruling 59-60, including the following:
1. The nature of the business and the history of the Company since inception.
2. The economic outlook in general and the conditions and outlook of the industry in particular.
3. The book value of the stock and the financial condition of the business.
4. The earnings capacity of the Company.
5. The dividend-paying capacity of the Company.
6. Whether or not the Company has goodwill or other intangible value.
7. Sales of the stock and the size of the block of stock to be valued.
8. The market price for stocks of corporations engaged in the same or similar lines of business that have their stocks traded in a free and open market, either on an exchange or
over the counter.

Sage estimated the fair value of the Company on a non-controlling, non-marketable interest basis.

## Exhibit B
## Financial Statements for Via Motors, Inc.

The Debtor has requested Financial Statements from Via Motors, Inc, however, Via Motors, Inc. has not provided Financial Statements to the Debtor.

**Exhibit B-1**
**Balance Sheet for [Name of Entity]**
As of [date]

The Debtor has requested Financial Statements from Via Motors, Inc, however, Via Motors, Inc. has not provided Financial Statements to the Debtor.

**Exhibit B-2**
**Statement of Income (Loss) for [Name of Entity]**
Period ending [date]

The Debtor has requested Financial Statements from Via Motors, Inc., however, Via Motors, Inc. has not provided Financial Statements to the Debtor.

**Exhibit B-3**
**Statement of Cash Flows for [Name of Entity]**
For the period ending [date]

The Debtor has requested Financial Statements from Via Motors, Inc., however, Via Motors, Inc. has not provided Financial Statements to the Debtor.

**Exhibit B-4**
**Statement of Changes in Shareholders'/Partners' Equity (Deficit) for [Name of Entity]**
period ending [date]

The Debtor has requested Financial Statements from Via Motors, Inc., however, Via Motors, Inc. has not provided Financial Statements to the Debtor.

# Exhibit C
## Description of Operations for Via Motors, Inc.

On November 2, 2010, the Debtor entered into a letter of intent, or LOI, with a private investor ("Investor Group") for the purpose of forming and capitalizing a new and independent electric vehicle company named VIA Automotive (later named VIA Motors, Inc.), a privately held a Delaware corporation. On November 19, 2010, the Debtor completed the sale of substantially all of its Transportation and Industrial ("T&I") business segment assets to VIA Motors for $2.5 million in cash, the issuance of shares of VIA Motors common stock representing approximately 39% of VIA Motors issued and outstanding common shares and the assumption of certain liabilities related to the Transportation and Industrial business segment of approximately $1.0 million. The Debtor 39% interest is subject to pro rata dilution of a maximum of approximately 8% as a result of equity issuances to employees and directors. In addition, VIA Motors is obligated to close on not less than $10.0 million of additional equity or equity-linked securities in VIA Motors. According to the November 2010 agreements, the Debtor is entitled to be issued additional shares of VIA Motors common stock as additional contingent consideration due to an anti-dilution feature contained in the agreements which provides that the subsequent issuance of up to $10.0 million of additional equity by VIA Motors shall not dilute the Debtors approximate 31% ownership of the common equity in VIA Motors.

The Debtor holds an approximate 30.7% interest in Via Motors, Inc. The Debtor evaluated the conditions outlined in the accounting guidance relating to its interest in Via Motors, Inc. and determined that it is able to significantly influence but not control VIA Motors, Inc's operation.

Via Motors International, Inc. is a Delaware corporation formed for the purchase of developing a new and independent electric vehicle company. Prior to the sale of its T&I business (referred to above), the Debtor completed a two year program with GM to develop an extended range electric power train similar to the Chevy Volt, but for larger vehicles including trucks & SUVs. The Debtor introduced this technology in a GM mid-size H3 SUV, demonstrating between 30 and 100 mpg in gas fuel economy for the average driver using electricity as the primary fuel. Applying this power train technology to light-duty trucks, VIA can electrify America's top selling vehicles and can reasonably cut gas consumption in half or more. VIA's focus is in America's fleet vehicles. VIA has begun a "Green Fleet Program." To introduce extended-range electric trucks to the nation's fleets, beginning with the Pacific Gas & Electric. Utility fleets are strong supports of plug-in electric vehicles and lead the way in electric vehicle charging programs and smart grid development.

The VIA truck is also a mobile power generation for the workplace which could replace a tow behind generator. The incremental cost of batteries can be largely offset by the additional value

The description of operations contained above is based on information contained in the Sage report.