# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RASER TECHNOLOGIES INC., *et al.*,[1] | ) Case No. 11-11315 (KJC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| LIGHTNING DOCK GEOTHERMAL HI-01, LLC, | ) Case No. 11-11349 (KJC) |
| | ) |
| Debtor. | ) |
| | ) |

## PLAN OF REORGANIZATION OF
## LIGHTNING DOCK GEOTHERMAL HI-01, LLC

Dated: July __, 2011

**MOSES & SINGER LLP**
Mark N. Parry
Alan Gamza
The Chrysler Building
405 Lexington Avenue
New York, NY 1017
Tel: 212-554-7893
Fax: 212-554-7700

**POLSINELLI SHUGHART PC**
Christopher A. Ward
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Tel: 302-252-0920
Fax: 302-252-0921

---

[1]     The Debtors are the following: Raser Technologies, Inc., Raser Technologies Operating Company, Inc, Raser Power Systems, LLC, RT Patent Company, Inc., Pacific Renewable Power, LLC, Western Renewable Power, LLC, Intermountain Renewable Power, LLC, Los Lobos Renewable Power, LLC, Columbia Renewable Power, LLC, Truckee Geothermal No. 1 SV-01, LLC, Truckee Geothermal No. 2, SV-04, LLC, Trail Canyon Geothermal No. 1 SV 02, LLC, Devil's Canyon Geothermal No. 1 SV-03, LLC, Thermo No. 1 BE-01, LLC, Thermo No. 2 BE-02, LLC, Thermo No. 3 BE-03, LLC, Cricket Geothermal No. 1 MI-01, LLC, Harmony Geothermal No. 1 IR-01, LLC, Lightning Dock Geothermal HI-01, LLC, and Klamath Geothermal No. 1 KL-01, LLC.

# EXHIBITS

Exhibit 7.1(a)  Executory Contracts to be Rejected

Exhibit 7.1(b)  Cure Amounts for Known Assumed Contracts

## ARTICLE I
## INTRODUCTION

EVERGREEN-FE LIGHTNING DOCK, LLC ("FE-Evergreen") hereby proposes this Plan of Reorganization for Lightning Dock Geothermal HI-01, LLC ("Lightning Dock"), dated as of the date set forth on the cover page (the "Plan"). Any agreements and/or other documents that are referenced in the Plan, but which are not attached as exhibits to the Plan, are available upon reasonable written request to counsel for FE-Evergreen indicated on the first page of the Plan.

## ARTICLE II
## DEFINITIONS

2.1     **Defined Terms**. Terms herein with an initial capital not required by standard capitalization rules are defined terms, and each such term shall have the meaning assigned to it below.

(a)     **Administrative Expense**. The costs and expenses of administering the Case allowed under section 503(b) of the Bankruptcy Code, including the DIP Lender Claims, and any fees or charges assessed against the Estate under 28 U.S.C. § 1930.

(b)     **Allowed**. Means, with respect to any Claim or Administrative Expense against Lightning Dock, that (1) such Claim or Administrative Expense has not been withdrawn, paid or otherwise satisfied; (2) (A) a Proof of Claim or application for allowance of such Claim was filed or deemed filed on or before the applicable Claims Bar Date, (B) if no Proof of Claim was filed on or before the applicable Claims Bar Date, Lightning Dock listed such Claim in its Schedules and did not list such Claim as disputed, contingent, or unliquidated; and (3) (A) no objection to the allowance of such Claim has been filed or (B) the order allowing such Claim has become a Final Order. Allowed Claims in a particular class of Claims shall be referred to as "Allowed Class __ Claims".

(c)     **Assets**. All of the right, title and interest of Lightning Dock in, to and under any and all assets and property, whether tangible, intangible, real or personal, of any nature whatsoever, including without limitation, all property of Lightning Dock's Estate under and pursuant to section 541 of the Bankruptcy Code, including without limitation, Cash, Causes of Action, rights and interests in property, and files, books and records of the Estate.

(d)     **Avoidance Claims**. All Causes of Action arising under sections 502, 506, 510, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551 or 553(b) of the Bankruptcy Code, or under related state or federal statutes and common law, including, without limitation, fraudulent transfer laws, whether or not litigation is commenced to prosecute such Causes of Action.

(e)     **Ballot**. The ballot distributed to each eligible Holder of a Claim or Interest, on which ballot such Holder may, among other things, vote to accept or reject the Plan.

(f)     **Bankruptcy Code**. The United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq., in effect at the relevant time.

(g) **Bankruptcy Court**. The United States Bankruptcy Court for the District of Delaware, or any other court of competent jurisdiction exercising jurisdiction over these Cases.

(h) **Bankruptcy Rules**. The Federal Rules of Bankruptcy Procedure, as amended and promulgated under 28 U.S.C. § 2075, and the Local Rules of the Bankruptcy Court, as the same shall be applicable to these Cases.

(i) **Business Day**. A day other than Saturday, Sunday or a "legal holiday" within the meaning of Bankruptcy Rule 9006.

(j) **Case**. Lightning Dock's Chapter 11 bankruptcy case commenced in the Bankruptcy Court and bearing Case No. 11-11349.

(k) **Cash**. Legal tender of the United States or its equivalents, including but not limited to bank deposits, checks, and other similar items.

(l) **Causes of Action**. Any and all claims, actions, causes of action, third-party claims, counterclaims and cross-claims, controversies, liabilities, obligations, rights, suits, damages, judgments, claims, and demands whatsoever, whether arising under the Bankruptcy Code or applicable non-bankruptcy law, reduced to judgment, disputed or undisputed, secured or unsecured, existing or hereafter arising, in law, equity, or otherwise, of Lightning Dock and/or its Estate that may be pending on the Effective Date or instituted after the Effective Date against any Person based in law or equity, or otherwise, including without limitation, under the Bankruptcy Code, whether direct, indirect, derivative, or otherwise, and whether asserted or unasserted as of the date of entry of the Confirmation Order; provided, however, that Causes of Action shall not include (i) any claim, right or cause of action that has been settled and satisfied or waived pursuant to the Plan, the Confirmation Order or another Court order in the Case entered prior to the Effective Date.

(m) **Claim**. Shall have the meaning set forth in section 101(5) of the Bankruptcy Code.

(n) **Claims Bar Date**. The last date for a Person to file a Proof of Claim or application for allowance of an Administrative Expense with respect to a specified type of Claim, as established by the Bankruptcy Court pursuant to a Final Order or specified in the Plan. Absent any other date specified in the Confirmation Order or any subsequent Final Order, the Claims Bar Date for Rejection Claims, other than Claims arising as a result of the rejection of an Executory Contract pursuant to a Final Order of the Court entered prior to the Confirmation Date, shall be the date established pursuant to Section 7.2 of the Plan.

(o) **Class**. A category of Claims or Interests as specified in Article III of the Plan.

(p) **Committee**. The Official Committee of Unsecured Creditors appointed by the Office of the United States Trustee in the chapter 11 cases of the Debtors pursuant to Bankruptcy Code section 1102.

(q)  **Confirmation**. The entry by the Bankruptcy Court of the Confirmation Order confirming the Plan under the provisions of Chapter 11.

(r)  **Confirmation Date**. The date on which the Clerk of the Bankruptcy Court enters the Confirmation Order on the docket.

(s)  **Confirmation Hearing**. The hearing at which the Bankruptcy Court considers Confirmation of the Plan, as such hearing may be adjourned from time to time.

(t)  **Confirmation Order**. An order entered by the Bankruptcy Court confirming the Plan, or any amended Plan, which order is in form and substance reasonably acceptable to Lightning Dock.

(u)  **Cure Claim**. A Claim for any amount required to be paid under section 365 of the Bankruptcy Code as a result of Lightning Dock's assumption of an Executory Contract or unexpired lease.

(v)  **Cure Payment Objection**. A written pleading filed by the Holder of a Cure Claim that asserts a Cure Claim with respect to any Executory Contract to be assumed or assumed and assigned, which pleading shall include the amount of the Cure Claim and the legal and factual basis for such objection.

(w)  **D&O Claims**. All claims, rights and Causes of Action against any director or officer of Lightning Dock.

(x)  **Debtors**. The Debtors are Raser Technologies, Inc., Raser Technologies Operating Company, Inc, Raser Power Systems, LLC, RT Patent Company, Inc., Pacific Renewable Power, LLC, Western Renewable Power, LLC, Intermountain Renewable Power, LLC, Los Lobos Renewable Power, LLC, Columbia Renewable Power, LLC, Truckee Geothermal No. 1 SV-01, LLC, Truckee Geothermal No. 2, SV-04, LLC, Trail Canyon Geothermal No. 1 SV 02, LLC, Devil's Canyon Geothermal No. 1 SV-03, LLC, Thermo No. 1 BE-01, LLC, Thermo No. 2 BE-02, LLC, Thermo No. 3 BE-03, LLC, Cricket Geothermal No. 1 MI-01, LLC, Harmony Geothermal No. 1 IR-01, LLC, Lightning Dock Geothermal HI-01, LLC, and Klamath Geothermal No. 1 KL-01, LLC.

(y)  **DIP Financing Documents**. The agreements and other related documents pursuant to which the DIP Lenders extended secured, post-petition financing to the Debtors.

(z)  **DIP Lender Claims**. Allowed Administrative Expenses arising under the DIP Financing Documents that are not otherwise repaid and are properly allocated to Lightning Dock's Estate, as determined by Final Order of the Bankruptcy Court.

(aa)  **DIP Lenders**. Linden Capital, L.P., Tenor Opportunity Master Fund, Ltd., and Aria Opportunity Fund, Ltd.

(bb)  **Disallowed Claim**. A Claim or any portion thereof that (i) has been disallowed pursuant to a Final Order, (ii) is Scheduled as zero or as contingent, disputed, or unliquidated and as to which no Proof of Claim or application for allowance has been timely

filed or deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any Final Order of the Bankruptcy Court or otherwise deemed timely filed under applicable law or the Plan, (iii) is not Scheduled and as to which no Proof of Claim or application for allowance has been timely filed with the Bankruptcy Court or otherwise deemed timely filed under applicable law or the Plan, (iv) has been withdrawn by agreement of Lightning Dock and/or Reorganized Lightning Dock and the Holder thereof, (v) has been withdrawn by the Holder thereof, or (vi) has been disallowed by a provision of the Plan that provides that a Disputed Claim or Interest, as the case may be, shall not be an Allowed Claim.

(cc)     **Disclosure Statement.** The disclosure statement relating to the Plan and any exhibits annexed thereto and any documents delivered in connection therewith, as the same may be amended from time to time by any duly authorized amendment or modification.

(dd)     **Disputed Claim.** Any Claim (i) that Lightning Dock listed in its Schedules as disputed, contingent or unliquidated, or at zero (ii) that Lightning Dock did not list in its Schedules, (iii) to which a timely objection has been filed, which objection has not been withdrawn and has not been overruled or denied by a Final Order, provided, however, that a Claim shall not be a Disputed Claim to the extent it becomes an Allowed Claim or a Disallowed Claim, (iv) that may be disallowed under Section 502(d) of the Bankruptcy Code because the Holder of such Claim has received a demand from Lightning Dock for avoidance of a transfer or the recovery of property under Chapter 5 of the Bankruptcy Code, or (v) that may be subject to surcharge under Section 502(c) of the Bankruptcy Code if the Holder of such Claim has received a demand from the Debtors regarding such surcharge. For purposes of this provision, any application, motion, complaint or other pleading or paper filed with the Bankruptcy Court seeking to subordinate or dismiss a Claim or an Administrative Expense shall be deemed an objection thereto.

(ee)     **Disputed Claims Reserve.** A segregated account into which Reorganized Lightning Dock shall deposit all amounts reserved for the Holders of Disputed Claims in Class 3(b) under the Plan in accordance with Section 6.4 hereof.

(ff)     **Distribution.** Any specified amount of a type of property, such as Cash, Reorganized Lightning Dock Equity or other property, as the case may be, specified in any Section of Article V of the Plan to be made to any Class or Classes.

(gg)     **Effective Date.** If no stay of the Confirmation Order is in effect, the effective date of the Plan shall occur ten (10) Business Days after the date all of the conditions precedent required under Section 9.1 of the Plan have been satisfied.

(hh)     **Estate.** The estate created under Section 541 of the Bankruptcy Code in the Case.

(ii)     **Executory Contract.** Any executory contract or unexpired lease, subject to section 365 of the Bankruptcy Code, between Lightning Dock and any other Person or Persons, but specifically excluding all of the contracts and agreements entered into after the Petition Date and/or pursuant to the Plan.

(jj)     **FE-Evergreen Appeal**. FE-Evergreen's appeal of the Final DIP Order to the United States District Court for the District of Delaware.

(kk)     **FE-Evergreen Collateral**. The Assets of Lightning Dock pledged to FE-Evergreen to secure its claim under the Lightning Dock Financing Documents.

(ll)     **Final DIP Order**. The Final Order (I) Approving Debtor-In-Possession Financing Pursuant to 11 U.S.C. §§ 105(a), 362, and 364 and Fed. Bankr. P. 2002, 4001 and 9014 and Local Bankruptcy Rule 4001-2; (II) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. Sections 105, 361, 362 and 363 of the Bankruptcy Code; (III) Granting Adequate Protection and Superpriority Administrative Claims; and (IV) Granting Related Relief, entered by the Bankruptcy Court on June 2, 2011.

(mm)     **Final Order**. An order or judgment entered by the Bankruptcy Court or other court of competent jurisdiction, that has not been reversed, rescinded, stayed, modified or amended, that is in full force and effect, and with respect to which: (1) the time to appeal, seek review or rehearing, or petition for certiorari has expired (other than under Bankruptcy Rule 9024 and/or Federal Rule of Civil Procedure 60) and no timely filed appeal or petition for review, rehearing or remand or certiorari is pending; (2) any right to appeal, seek review or rehearing, petition for certiorari has been waived in writing; and (3) any appeal taken or petition for certiorari filed has been resolved by the highest court to which the order or judgment was appealed or from which review, rehearing or certiorari was sought. Notwithstanding, and in lieu of the foregoing, insofar as the Confirmation Order confirming the Plan is concerned, Final Order means only such order or judgment which has been entered on the docket and as to which no stay is in effect.

(nn)     **Holder**. The beneficial holder of a Claim or Interest and, when used in conjunction with a Class or type of Claim or Interest, means a beneficial holder of a Claim or Interest in such Class or of such type.

(oo)     **Insurance Claim**. Any Claim against Lightning Dock that Lightning Dock asserts is payable, in whole or in part, under any Insurance Policy.

(pp)     **Insurance Policy:** Any policy of insurance and any agreements relating thereto that may be available to provide coverage for Claims against Lightning Dock, including but not limited to statutorily mandated workers' compensation programs in effect on the Petition Date providing compensation, paid for by third parties, to employees of Lightning Dock for job-related injuries or job related illnesses.

(qq)     **Intercompany Claim**. Any Claim of one or more of the Debtors against Lightning Dock.

(rr)     **Interest**. Any stock or other equity ownership interest in Lightning Dock and all dividends and distributions with respect to such stock or interest and all rights, options, warrants, or other rights to acquire any stock or other equity ownership interest in Lightning Dock as of the Petition Date.

(ss)  **Lien**. Shall have the meaning assigned to that term in section 101(37) of the Bankruptcy Code.

(tt)  **Lightning Dock**. Debtor Lightning Dock Geothermal HI-01, LLC.

(uu)  **Lightning Dock Financing Documents**. That certain Letter Agreement dated October 1, 2010 by and between Debtor Los Lobos Renewable Power, LLC, Debtor Raser Power Systems LLC and Lightning Dock and Evergreen-FE Lightning Dock, LLC and the related Secured Promissory Note.

(vv)  **Person**. An individual, corporation, partnership, limited liability company, association, joint stock company, joint venture, estate, trust, unincorporated organization, government or any political subdivision thereof or other entity.

(ww)  **Petition Date**. April 29, 2011, the date on which Lightning Dock filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

(xx)  **Plan**. This Plan of Reorganization of Lightning Dock, dated as of the date on the cover page hereof and proposed by FE-Evergreen, as the same may be amended or modified from time to time, including all exhibits and schedules hereto.

(yy)  **Plan Supplement**. That certain compilation of documents and forms of documents, schedules and exhibits related to, or referred to in, the Plan to be filed no later than five (5) Business Days before the Confirmation Hearing, as such compilation may be amended, supplemented or modified from time to time in accordance with the terms hereof and the Bankruptcy Code and Bankruptcy Rules, including without limitation the Cure Payment Schedule and Reorganized Lightning Dock Note.

(zz)  **Priority Claims**. All Priority Non-Tax Claims and all Priority Tax Claims.

(aaa)  **Priority Non-Tax Claims**. All Claims that are entitled to priority pursuant to section 507(a) of the Bankruptcy Code and that are not Administrative Expenses or Priority Tax Claims.

(bbb)  **Priority Tax Claim**. Any Claim for an amount entitled to priority under section 507(a)(8) of the Bankruptcy Code.

(ccc)  **Proof of Claim**. Any written statement filed under oath in the Case by the Holder of a Claim, other than an Administrative Expense, which statement (1) conforms substantially to Official Form 10, (2) states the amount and basis of such Holder's Claim, and (3) attaches or sufficiently identifies all documentation evidencing or otherwise supporting the Claim.

(ddd)  **Ratable Portion**. With respect to any Distribution of any type of property specified in any Section of Article V to be made on account of an Allowed Claim in any Class or Classes, a ratio (expressed as a percentage) equal to the amount that such Allowed Claim in such

Class bears to the aggregate amount of all Allowed Claims and Disputed Claims in such Class or Classes.

(eee) **Raser**. Raser Technologies, Inc.

(fff) **Rejection Claim**. Any Claim for damages arising as a proximate result of the rejection of an Executory Contract under section 365 of the Bankruptcy Code.

(ggg) **Released Parties**. (a) Lightning Dock and (b) FE-Evergreen and each member, officer, director or employee of, or attorney or other professional engaged by FE-Evergreen, during this case.

(hhh) **Reorganized Lightning Dock**. Lightning Dock from and after the Effective Date.

(iii) **Reorganized Lightning Dock Equity**. One hundred percent of the equity of Reorganized Lightning Dock, which is to be issued pursuant to the Plan.

(jjj) **Reorganized Lightning Dock Note**. A promissory note to be issued by Reorganized Lightning Dock and secured by all of the Assets of Reorganized Lightning Dock to FE-Evergreen on the Effective Date with an original principal equal to the amount advanced by FE-Evergreen to fund the Cash payments required to be made under the Plan and at an interest rate of [＿＿] percent ([＿]%) and which shall mature on the [＿＿] anniversary of the Effective Date.

(kkk) **Schedules**. The schedules of assets and liabilities filed by Lightning Dock pursuant to Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(b), as they may be amended from time to time.

(lll) **Section 503(b)(9) Claim**. Any claim that is entitled to priority treatment pursuant to Section 503(b)(9) of the Bankruptcy Code.

(mmm)**Secured Claim**. Any Claim that is secured by a valid and unavoidable lien on property in which the Estate has an interest, or that is subject to a valid right of setoff pursuant to section 553 of the Bankruptcy Code to the extent of the value of the Holder's interest in the Estate's interest in such property, or to the extent of the amount subject to setoff, as applicable, as determined by the Bankruptcy Court pursuant to sections 506(a), 553, and/or 1129 (b)(2)(A)(i)(II), as applicable. For the avoidance of doubt, Secured Claim does not include any Claim under the Lightning Dock Financing Documents, which Claim is being released as of the Effective Date, or the DIP Lender Claims.

(nnn) **Unsecured Claim**. Any Claim against any Lightning Dock that is (1) not a Secured Claim, provided that Unsecured Claims shall include, without limitation, any Claim secured by an interest in property of the Estate to the extent such Claim exceeds the value, as determined by the Bankruptcy Court prior to the deadline to vote on the Plan pursuant to sections 506(a), 553, and/or 1129(b)(2)(A)(ii)(II) of the Bankruptcy Code, of the Holder's interest in the Estate's interest in property of the Estate securing such Claim, (2) not a Priority Claim, (3) not an Administrative Expense, (4) not an Intercompany Claim, (5) not a Claim subject to subordination

pursuant to Section 510(b) of the Bankruptcy Code, or (6) not based in whole or in part on the Holder's purchase or ownership of an Interest in Lightning Dock.

   (ooo) **U.S. Trustee.** The Office of the United States Trustee.

  2.2 **Other Terms.** The words "herein," "hereof," "hereto," "hereunder" and others of similar import refer to the Plan as a whole and not to any particular article, section or clause contained in the Plan. A reference to an "Article" refers to an Article of the Plan. A term used herein that is not defined herein shall have the meaning ascribed to that term, if any, in or by the Bankruptcy Code. The rules of construction set forth in section 102 of the Bankruptcy Code shall apply in construing the Plan.

  2.3 **Time Periods.** In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply. If any act under the Plan is required to be made or performed on a date that is not a Business Day, such act shall be deemed to have been completed as of the required date if it is completed on the next Business Day.

  2.4 **Undefined Terms.** Terms used herein but not defined above shall have the meanings assigned to them, if any, in the Bankruptcy Code and/or the Bankruptcy Rules.

  2.5 **Exhibits.** All exhibits to the Plan are incorporated by reference and made a part of the Plan as if set forth in full herein.

## ARTICLE III
## CLASSIFICATION OF CLAIMS AND INTERESTS

  In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Expenses and Priority Tax Claims have not been classified and are excluded from the following Classes. Article IV describes the treatment of Administrative Expenses and Priority Tax Claims. For the purposes of the Plan, Holders of Claims against, or Interests in, Lightning Dock are classified as follows in accordance with section 1122(a) of the Bankruptcy Code:

  3.1 **Class 1 - Priority Non-Tax Claims.** Class 1 consists of all Priority Non-Tax Claims against Lightning Dock.

  3.2 **Class 2 - Secured Claims Against Lightning Dock.** Class 2 consists of all Secured Claims, if any, against Lightning Dock.

  3.3 **Class 3(a) – FE-Evergreen's Unsecured Claim Against Lightning Dock.** Class 3(a) consists of the Unsecured Claim of FE-Evergreen.

  3.4 **Class 3(b) – Unsecured Claims Against Lightning Dock.** Class 3(b) consists of all Unsecured Claims against Lightning Dock, except those in Class 3(a).

  3.5 **Class 4 - Interests in Lightning Dock.** Class 4 consists of all Interests in Lightning Dock.

## ARTICLE IV
## TREATMENT OF ADMINISTRATIVE AND PRIORITY TAX CLAIMS

4.1     **Administrative Expenses**. As soon as practicable after the later of the Effective Date or the date its Administrative Expense is Allowed, the Holder of each Allowed Administrative Expense against Lightning Dock shall receive, in full and final satisfaction of such Holder's Allowed Administrative Expense, Cash in an amount equal to the unpaid portion of such Allowed Administrative Expense, or some other, less favorable treatment as is agreed upon by Reorganized Lightning Dock and the Holder of such Allowed Administrative Expense.

4.2     **Priority Tax Claims**. Unless a Final Order otherwise provides, on the Effective Date, or as soon thereafter as is reasonably practicable, each Holder of an Allowed Priority Tax Claim against Lightning Dock shall receive, at the discretion of Reorganized Lightning Dock and in full and final satisfaction of such Holder's Allowed Claim, (a) cash in an amount equal to the unpaid portion of such Allowed Claim, (b) payment of such Allowed Claim over a period not to exceed five (5) years with interest, or (c) some other, less favorable treatment as is agreed upon by Reorganized Lightning Dock and the Holder of such Allowed Priority Tax Claim. Notwithstanding the foregoing, the Holder of an Allowed Priority Tax Claim shall not be entitled to receive any payment on account of any penalty arising with respect to or in connection with the Allowed Priority Tax Claim. Any Claim or demand for any such penalty (a) will be subject to treatment as an Unsecured Claim, if and to the extent an Allowed Claim, and (b) the Holder of an Allowed Priority Tax Claim shall not assess or attempt to collect such amounts from Reorganized Lightning Dock or the Assets except as an Unsecured Claim, if and to the extent an Allowed Claim.

4.3     **Full Satisfaction**. The payments, distributions and other treatment afforded to Holders of Allowed Administrative Expenses and Allowed Priority Tax Claims under this Article IV shall be applied to the outstanding obligations and to the extent such Allowed Claims are paid in full shall be in full and complete satisfaction of such Allowed Claims.

## ARTICLE V
## TREATMENT AND IMPAIRMENT OF CLASSES

5.1     **Class 1 - Priority Non-Tax Claims**. The Holders of Allowed Class 1 Claims shall receive in full and final satisfaction and discharge of all such Allowed Claims (a) all amounts to which such Holder is entitled on account of such Allowed Claim on the later of (i) the Effective Date, or as soon thereafter as is reasonably practicable, and (ii) the date when such Allowed Claim becomes due and payable according to its terms and conditions, or (b) such other, less favorable treatment as is agreed upon by Reorganized Lightning Dock and the Holder of such Allowed Priority Non-Tax Claim.

Class 1 is an unimpaired Class and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

5.2     **Class 2 - Other Secured Claims**. At the sole option of Reorganized Lightning Dock, (i) Allowed Class 2 Claims will be unaltered and, subject to the requirements of Section 1124(2) of the Bankruptcy Code, on the Effective Date, the legal equitable and contractual rights

of the Holder of Allowed Class 2 Claims shall be reinstated in full, or (ii) the Holder of the Allowed Class 2 Claim shall receive in full satisfaction, settlement, and release of, and in exchange for, the Holder's Allowed Secured Claim, at the sole option of Reorganized Lightning Dock, (a) Cash in the amount of the Allowed Class 2 Secured Claim on the later of the Effective Date and the date such Claim becomes an Allowed Claim, or as soon thereafter as practicable, (b) the property of the Estate that constitutes collateral for such Allowed Class 2 Secured Claim on the later of the Effective Date and the date such Claim becomes an Allowed Claim, or as soon thereafter as practicable, or (c) such other, less favorable treatment as is agreed upon by Reorganized Lightning Dock and the Holder of such Allowed Class 2 Claim.

Class 2 is an unimpaired Class and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

5.3     **Class 3(a) – FE-Evergreen's Unsecured Claim against Lightning Dock.** FE-Evergreen shall have an Allowed Class 3(a) Claim in the amount of $3,609,505.76. FE-Evergreen shall receive its Ratable Portion of the Distribution of Reorganized Lightning Dock Equity, taking into account any Allowed Class 3(b) Claims that are entitled or elect to receive Reorganized Lightning Dock Equity when determining such Ratable Portion.

Class 3(a) is an impaired Class and is entitled to vote on the Plan.

5.4     **Class 3(b) – Unsecured Claims Against Lightning Dock.** On the Effective Date, each Holder of an Allowed Class 3(b) Claim shall receive either (a) (i) its Ratable Portion of a Distribution of $132,000 of Cash, but in no event to receive Cash exceeding the amount of its Allowed Class 3(b) Claim, and (ii) on account of any remaining balance of such Allowed Claim, its Ratable Portion of the Distribution of Reorganized Lightning Dock Equity, taking into account the Allowed Claims in Classes 3(a) and 3(b) that are entitled or elect to share in the Distribution of Reorganized Lightning Dock Equity when determining such Ratable Portion; provided, however, such Holder may elect on its Ballot to forgo its share of the Cash Distribution provided for above and, instead, receive with respect to its entire Allowed Claim its Ratable Portion of Reorganized Lightning Dock Equity, taking into account the Allowed Claims in Classes 3(a) and 3(b) that are entitled or elect to receive Reorganized Lightning Dock Equity when determining such Ratable Portion, or (b) such other, less favorable treatment as is agreed upon by Reorganized Lightning Dock and such Holder.

Class 3(b) is an impaired Class and is entitled to vote on the Plan.

5.5     **Class 4 - Interests in Lightning Dock.** On the Effective Date, Class 4 Interests shall be cancelled and the Holders of such Interests shall receive no property or distribution under the Plan on account of such Interests.

Class 4 is an impaired Class and deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.

5.6     **Full Satisfaction and Discharge.** The payments or Distributions and other treatment afforded to Holders of Allowed Claims and Interests specified in this Article V shall be in full, final satisfaction and discharge of such Allowed Claims and Interests.

## ARTICLE VI
## MEANS FOR IMPLEMENTATION OF THE PLAN

6.1 **The Reorganized Lightning Dock Note**. On the Effective Date, Reorganized Lightning Dock shall issue to FE-Evergreen the Reorganized Lightning Dock Note.

6.2 **Vesting of Assets**. As of the Effective Date, all Assets of Lightning Dock shall vest in Reorganized Lightning Dock free and clear of all Claims, Liens, and Interests, and all setoff and/or recoupment rights, other than the lien securing the Reorganized Lightning Dock Note or as otherwise specifically provided in the Plan or in the Confirmation Order.

6.3 **FE-Evergreen Collateral**. As of the Effective Date, FE-Evergreen shall have no lien on the FE-Evergreen Collateral under the Lightning Dock Financing Documents.

6.4 **Disputed Claims Reserve**. Prior to making any Distributions on account of Allowed Unsecured Claims in a particular Class, Reorganized Lightning Dock shall establish a claims reserve for all Unsecured Claims in such Class that are Disputed Claims or that are not to be paid at such Distribution. The amount reserved for each such Disputed Claim shall be the amount that would be distributed on account of such Claim if it was an Allowed Unsecured Claim in such Class, based upon the Claim being the lower of (i) the amount set forth in the Proof of Claim, the Scheduled amount set forth for such Claim if it is non-contingent, liquidated and undisputed and (ii) the estimated amount of such Claim for distribution purposes as determined by the Bankruptcy Court. After a Disputed Claim has been Disallowed or Allowed, the amount associated shall be released from the reserve pursuant to the terms of the Plan.

6.5 **Corporate Action**. On and after the Effective Date, the matters under the Plan involving or requiring corporate action of Lightning Dock, including, but not limited to, actions requiring the vote or other approval of the officers, members, board of directors or shareholders and execution of all documentation incident to the Plan, shall be deemed to have been authorized by the Confirmation Order and to have occurred and be in effect from and after the Effective Date without any further action by the Bankruptcy Court or the officers, members, directors or shareholders of Lightning Dock.

6.6 **Dissolution of the Committee**. On the Effective Date, the Committee in this Case shall dissolve automatically, whereupon its members, Professionals and agents shall be released from any further duties and responsibilities in this Case under the Bankruptcy Code.

6.7 **Intercompany Claims Extinguished**. On the Effective Date, all Intercompany Claims shall be canceled and extinguished.

6.8 **Preservation of All Causes of Action**. Except as otherwise provided in the Plan or in any contact, instrument, release or agreement entered into in connection with the Plan, in accordance with the provisions of the Bankruptcy Code, including but not limited to section 1123(b) of the Bankruptcy Code, Reorganized Lightning Dock shall be vested with, retain, and may exclusively enforce and prosecute any claims (including D&O Claims) or Causes of Action that Lightning Dock or its Estate may have against any Person or entity. Without further order of the Bankruptcy Court, Reorganized Lightning Dock shall be substituted as the party in interest in all adversary proceedings pending on the Effective Date that relate to Lightning Dock.

6.9 **Amendments to Certificate of Incorporation or Other Governing Documents**. As of the Effective Date and except as otherwise provided herein, Lightning Dock's certificates of incorporation, by-laws, or similar governing documents, will be deemed amended to the extent required by section 1123(a)(6) of the Bankruptcy Code and to comply with any other provisions of the Plan and shall be set forth in the Plan Supplement.

6.10 **Delivery of Distributions; Undeliverable Distributions**.

(a) Subject to Section 6.10(c) of the Plan, Distributions to Holders of Allowed Claims shall be made (1) at the addresses set forth on the respective Proofs of Claim or requests for allowance of Administrative Expenses filed by such Holders, (2) at the addresses set forth in any written notices of address change delivered to Lightning Dock or Reorganized Lightning Dock after the date of any related Proof of Claim, or (3) at the address reflected in Lightning Dock's Schedules if no Proof of Claim has been filed and Lightning Dock and Reorganized Lightning Dock have not received a written notice of a change of address.

(b) If the Distribution to the Holder of any Allowed Claim is returned to Reorganized Lightning Dock as undeliverable, no further distribution shall be made to such Holder, and Reorganized Lightning Dock shall have no obligation to make any further distribution to the Holder, unless and until Reorganized Lightning Dock is notified in writing of such Holder's then current address. Subject to Section 6.10(c) of the Plan, Reorganized Lightning Dock shall retain undeliverable Distributions until such time as a Distribution becomes deliverable.

(c) Any Holder of an Allowed Claim that does not assert a Claim for an undeliverable Distribution within 180 days after the Distribution Date on account of such Claim shall no longer have any claim to or interest in such undeliverable distribution and shall be forever barred from receiving any distribution under the Plan and such amount shall become the property of FE-Evergreen.

6.11 **Disputed Claims**.

(a) No payment or other Distribution or treatment shall be made on account of a Disputed Claim, even if a portion of the Claim is not disputed, unless and until such Disputed Claim becomes an Allowed Claim and the amount of such Allowed Claim is determined by a Final Order or, after the Effective Date, by written agreement between Reorganized Lightning Dock and the Holder of the Claim. No Distribution or other payment or treatment shall be made on account of a Disallowed Claim at any time. All amounts on deposit from time to time in the Disputed Claims Reserve and all dividends, interest, and other earnings thereon, net of any applicable taxes and expenses, shall be held in trust for the exclusive benefit of Holders of Disputed Claims that subsequently become Allowed Claims and the Holders of Allowed Claims, until such time as all Allowed Claims have been paid the Distributions to which such Holders are entitled under the terms of the Plan.

(b) Lightning Dock (prior to the Effective Date) or Reorganized Lightning Dock (after the Effective Date) may, at any time, and from time to time, request that the Bankruptcy Court estimate any Disputed Claim pursuant to section 502(c) of the Bankruptcy

12

Code regardless of whether an objection was previously filed with the Bankruptcy Court with respect to such Claim, or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court shall retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including during the pendency of any appeal relating to such objection. Any Final Order of the Bankruptcy Court that estimates a Disputed Claim pursuant to this Section 6.11(b) irrevocably shall constitute and be a conclusive and final determination of the maximum allowable amount of the Claim of such Creditor, should it become an Allowed Claim. Accordingly, the Holder of a Disputed Claim that is estimated by the Bankruptcy Court pursuant to this Section 6.11(b) shall not be entitled to any subsequent reconsideration or upward adjustment of the maximum allowable amount of such Claim as a result of any subsequent adjudication or actual determination of the allowed amount of such Disputed Claim or otherwise, and the Holder of such Claim shall not have recourse to Lightning Dock, Reorganized Lightning Dock, FE-Evergreen or any Assets of the foregoing in the event the allowed amount of the Holder's Claim is at any time later determined to exceed the estimated maximum allowable amount. As soon as practicable after entry of an order estimating a Disputed Claim under section 502(c) of the Bankruptcy Code, Reorganized Lightning Dock shall deposit into the Disputed Claims Reserve the amount of cash or other consideration to be provided under the Plan to the Holder of the Disputed Claim as if the Disputed Claim were an Allowed Claim in its maximum allowable amount.

(c)     Following the date on which a Disputed Claim becomes an Allowed Claim after the Effective Date, Reorganized Lightning Dock shall pay directly to the Holder of such Allowed Claim the amount provided for under Articles IV or V of the Plan, as applicable. Conversely, following the date a Disputed Claim becomes a Disallowed Claim, any amounts held with respect to such Disallowed Claim shall be returned to FE-Evergreen.

(d)     Unless otherwise provided in the Plan, Reorganized Lightning Dock will retain the exclusive right to object to Claims after the Effective Date in order to have the Bankruptcy Court determine the amount and treatment of any Claim. Reorganized Lightning Dock will attempt to resolve consensually any disputes regarding the amount of any Claim. On or before the date that is 180 days after the Effective Date or such other date as is set by the Bankruptcy Court, Reorganized Lightning Dock may file with the Court an objection to the allowance of any such Claim, or any other appropriate motion or adversary proceeding with respect thereto. All such objections may be litigated to Final Order; provided, however, that Reorganized Lightning Dock may compromise and settle, withdraw or resolve by any other method approved by the Bankruptcy Court any objections to such Claims, including, without limitation, in accordance with the provisions of the Plan.

(e)     On or after the Confirmation Date, a Claim may not be filed or amended without the authorization of the Bankruptcy Court and, even with such Bankruptcy Court authorization, may be amended by the Holder of such Claim solely to decrease, but not to increase, the amount or priority. Unless otherwise provided herein, any new or amended Claim filed after the Confirmation Date shall be deemed disallowed in full and expunged without any action by Lightning Dock or Reorganized Lightning Dock and shall be treated as such on the claims registry, unless the Claim Holder has obtained prior Bankruptcy Court authorization for the filing.

(f)     Notwithstanding that the allowed amount of any particular Disputed Claim is reconsidered under the applicable provisions of the Bankruptcy Code and Bankruptcy Rules or is allowed in an amount for which there is insufficient Cash to provide a recovery equal to that received by other Holders of Allowed Claims in the relevant Class, no Claim Holder shall have recourse to Lightning Dock, Reorganized Lightning Dock, or any of their respective professionals, or their successors or assigns, or the Holder of any other Claim, or any of their respective property. However, nothing in the Plan shall modify any right of a Holder of a Claim under section 502(j) of the Bankruptcy Code. THUS, THE COURT'S ENTRY OF AN ESTIMATION ORDER MAY LIMIT THE DISTRIBUTION TO BE MADE ON INDIVIDUAL DISPUTED CLAIMS, REGARDLESS OF THE AMOUNT FINALLY ALLOWED ON ACCOUNT OF SUCH DISPUTED CLAIMS.

6.12     **Disbursement of Funds**. Reorganized Lightning Dock or the duly appointed disbursing agent shall make all distributions of Cash or other property required under the Plan, unless the Plan specifically provides otherwise. All cash and other property held for distribution under the Plan shall be held in trust for the exclusive benefit of the Holders of Allowed Claims and shall not be subject to any claim by any Person except as provided under the Plan.

6.13     **Direction to Parties**. From and after the Effective Date, Lightning Dock or Reorganized Lightning Dock, as applicable, may apply to the Bankruptcy Court for an order directing any necessary party to execute or deliver, or to join in the execution or delivery, of any instrument required to effect a transfer of property required under the Plan, and to perform any other act, including the satisfaction of any Lien, that is necessary for the consummation of the Plan, pursuant to section 1142(b) of the Bankruptcy Code, provided that such direction is in accordance with the Plan.

6.14     **Setoffs**. Reorganized Lightning Dock may, to the extent permitted under applicable law, setoff against any Allowed Claim and the distributions to be made pursuant to the Plan on account of such Allowed Claim, the claims, rights and causes of action of any nature (other than Causes of Action arising under Chapter 5 of the Bankruptcy Code) that Lightning Dock or Reorganized Lightning Dock may hold against the Holder of such Allowed Claim that are not otherwise waived, released or compromised in accordance with the Plan; provided, however, that neither such a setoff nor the allowance of any Claim hereunder shall constitute a waiver or release by Reorganized Lightning Dock of any such claims, rights and causes of action that Lightning Dock or Reorganized Lightning Dock possess against such Holder.

6.15     **Payment of Statutory Fees**. All fees payable on or before the Effective Date pursuant to section 1930 of title 28 of the United States Code shall be paid by Lightning Dock on or before the Effective Date. From and after the Effective Date, and Reorganized Lightning Dock shall be liable and shall pay the fees assessed against Lightning Dock's Estate until such time as its case is closed, dismissed or converted. In addition, Lightning Dock and/or Reorganized Lightning Dock shall file post-confirmation quarterly reports in conformity with the U.S. Trustee guidelines until entry of an order closing or converting the cases

## ARTICLE VII
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

7.1 **Treatment of Executory Contracts**. Except as otherwise provided in the Plan or in any contract, instrument, release or other agreement entered into in connection with the Plan, on the Effective Date, pursuant to section 365 of the Bankruptcy Code, Lightning Dock will assume or assume and assign all of its Executory Contracts, except those listed on Exhibit 7.1(a); provided, however, that Lightning Dock reserves the right, at any time prior to the Effective Date, to amend Exhibit 7.1(a) to provide that any Executory Contract scheduled to be rejected shall be assumed. Lightning Dock will provide notice of any amendments to Exhibit 7.1(a) to the non-Debtor parties to the Executory Contracts affected thereby and to those parties entitled to notice pursuant to Bankruptcy Rule 2002. Each contract and lease listed on Exhibit 7.1(a) will be rejected only to the extent that such contract or lease constitutes an Executory Contract. Listing a contract or lease on Exhibit 7.1(a) will not constitute an admission by Lightning Dock or Reorganized Lightning Dock that the contract or lease is an Executory Contract or that Lightning Dock or Reorganized Lightning Dock have any liability thereunder. Set forth on Exhibit 7.1(b) are the Cure Amounts, if any, that are believed to be owed with respect to an Executory Contract that will be assumed. (The omission from Exhibit 7.1(b) of any Executory Contract shall not preclude the assumption of such contract.) If any counter-party to any such Executory Contract wishes to assert a Cure Claim in an amount different than that listed on Exhibit 7.1(b), it must do so by filing a Cure Payment Objection no later than five (5) Business Days prior to the Confirmation Hearing.

7.2 **Bar Date for Rejection Claims**. If the rejection of any Executory Contract under or after confirmation of the Plan gives rise to a Claim by the non-Debtor party or parties to such Executory Contract, such Claim, to the extent that it is timely filed and is an Allowed Claim, shall be classified in Class 3(b); provided, however, that the Unsecured Claim arising from such rejection shall be forever barred and shall not be enforceable against Lightning Dock, Reorganized Lightning Dock, their successors or properties, unless a proof of such Claim is filed and served on Lightning Dock or Reorganized Lightning Dock, as applicable, within thirty (30) days after the date of notice of the entry of the order of the Court rejecting the Executory Contract, which may include, if applicable, the Confirmation Order. To the extent Rejection Claims initially are Disputed Claims, but subsequently become Allowed Claims, Reorganized Lightning Dock shall pay such Rejection Claims in accordance with the Plan, but nothing herein shall constitute a determination that any such rejection gives rise to or results in a Claim or constitutes a waiver of any objections to such Claim by Lightning Dock, Reorganized Lightning Dock or any party in interest.

7.3 **Cancellation of Documents or Instruments Evidencing Claims and Interests**. Except as otherwise provided in the Plan, on the Effective Date, the promissory notes, share certificates (including treasury stock), other instruments evidencing any Claims or Interests, and all options, warrants, calls, rights, puts, awards, commitments, or any other agreements of any character to acquire such Interests shall be deemed canceled and of no further force and effect, without any further act or action under any applicable agreement, law, regulation, order, or rule, and the obligations of Lightning Dock under the notes, share certificates, and other agreements and instruments governing such Claims and Interests shall be discharged. The Holders of or parties to such canceled notes, share certificates, and other agreements and instruments shall

have no rights arising from or relating to such notes, share certificates, and other agreements and instruments, or the cancellation thereof, except the rights provided pursuant to the Plan.

## ARTICLE VIII
## RETENTION OF JURISDICTION

8.1 **General Scope of Jurisdiction**. Following the Effective Date, the Bankruptcy Court shall retain jurisdiction over this Case to the fullest extent legally permissible, including without limitation such jurisdiction as is necessary to ensure that the purposes and intent of the Plan are carried out.

8.2 **Claims and Actions**. The Bankruptcy Court shall retain jurisdiction (a) to classify, resolve objections to, and determine or estimate pursuant to section 502(c) of the Bankruptcy Code all Claims against, and Interests in, Lightning Dock and (b) to adjudicate and enforce all claims and Causes of Action owned by Lightning Dock or Reorganized Lightning Dock on the Effective Date.

8.3 **Specific Jurisdiction**. Without in any way limiting the scope of the Bankruptcy Court's retention of jurisdiction over these Cases as otherwise set forth in the Plan, the Bankruptcy Court shall retain jurisdiction for the following specific purposes:

(a) To determine all questions and disputes regarding title to the respective Assets of Lightning Dock, all causes of action, controversies, disputes or conflicts, whether or not subject to any pending action as of the Effective Date, between Lightning Dock and any other party, including without limitation any Causes of Action and any right to recover Assets pursuant to the provisions of the Bankruptcy Code;

(b) To modify the Plan after the Effective Date pursuant to the Bankruptcy Code, the Bankruptcy Rules, and applicable law;

(c) To enforce and interpret the terms and conditions of the Plan or the Confirmation Order;

(d) To enter such orders, including, but not limited to, such future injunctions as are necessary to enforce the respective title, rights and powers of Reorganized Lightning Dock, and to impose such limitations, restrictions, terms and conditions on such title, rights and powers as the Bankruptcy Court may deem necessary;

(e) To enter a final decree closing the Case;

(f) To correct any defect, cure any omission or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to implement the purposes and intent of the Plan;

(g) To determine any and all objections to the allowance or classification of Claims;

(h)     To adjudicate all claims or controversies to a security or ownership interest in any Lightning Dock Assets or in any proceeds thereof;

(i)     To determine any and all applications for allowances of compensation and reimbursement of expenses and the reasonableness of any fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code;

(j)     To determine any applications or motions pending on the Effective Date for the rejection, assumption or assumption and assignment of any Executory Contract and to hear and determine, and, if need be, to liquidate any and all Claims arising therefrom;

(k)     To determine any and all motions, applications, adversary proceedings and contested matters that may be pending on the Effective Date or filed thereafter;

(l)     To remedy any defect or omission or reconcile any inconsistency in any order of the Bankruptcy Court to the extent authorized by the Plan or the Bankruptcy Court;

(m)     To determine all controversies, suits, and disputes that may arise in connection with the interpretation, enforcement or consummation of the Plan;

(n)     To consider and act on the compromise and settlement of any Claim against or cause of action by or against Lightning Dock arising under or in connection with the Plan;

(o)     To issue such orders in aid of execution of the Plan as may be authorized by section 1142 of the Bankruptcy Code;

(p)     To determine such other matters or proceedings as may be provided for under Title 28 or any other title of the United States Code, the Bankruptcy Code, the Bankruptcy Rules, other applicable law, the Plan or in any order or orders of the Bankruptcy Court, including, but not limited to, the Confirmation Order or any order which may arise in connection with the Plan or the Confirmation Order;

(q)     To make such orders as are necessary or appropriate to carry out the provisions of the Plan;

(r)     To adjudicate all claims of any nature by any person which may be adverse or otherwise affect the value of the property of the Estate dealt with by the Plan;

(s)     To determine any other matters not inconsistent with the Bankruptcy Code; and

(t)     To make such orders and/or take such action as is necessary to enjoin any interference with the implementation or the consummation of the Plan.

8.4     **Failure of Bankruptcy Court to Exercise Jurisdiction**. If the Bankruptcy Court abstains from exercising, declines to exercise, or is otherwise without jurisdiction over any matter arising out of the Cases, including the matters set forth in this Article VIII, this Article

VIII shall not prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

## ARTICLE IX
## CONDITIONS PRECEDENT TO EFFECTIVE DATE

9.1     **Conditions Precedent to Effectiveness**. The Effective Date shall not occur and the Plan shall not become effective unless and until the following conditions are satisfied in full or waived in accordance with Section 9.2 of the Plan:

(i)     The Confirmation Order, in form and substance acceptable to the FE-Evergreen, shall have been entered and is a Final Order;

(ii)     All actions and all agreements, instruments or other documents necessary to implement the terms and provisions of the Plan are effected or executed and delivered, as applicable, in form and substance satisfactory to FE-Evergreen; and

(iii)     If not determined by a prior order of the Bankruptcy Court, the Confirmation Order has determined that the value of Reorganized Lightning Dock Equity is no less than $2 million.

9.2     **Waiver of Conditions**. Each of the conditions precedent in Section 9.1 hereof may be waived, in whole or in part, by FE-Evergreen. Any such waivers may be effected at any time, without notice, without leave or order of the Bankruptcy Court and without any formal action.

9.3     **Satisfaction of Conditions**. Except as expressly provided or permitted in the Plan, any actions required to be taken on the Effective Date shall take place and shall be deemed to have occurred simultaneously, and no such action shall be deemed to have occurred prior to the taking of any other such action. In the event that one or more of the conditions specified in Section 9.1 of the Plan have not occurred or otherwise been waived pursuant to Section 9.2 of the Plan within seventy-five (75) days after entry of the Confirmation Order as a final non-appealable order (a) the Confirmation Order shall be vacated, (b) Lightning Dock and all holders of Claims and Equity Interests shall be restored to the *status quo ante* as of the day immediately preceding the Confirmation Date as though the Confirmation Date never occurred and (c) Lightning Dock's obligations with respect to Claims and Interests shall remain unchanged and nothing contained herein shall constitute or be deemed a waiver or release of any Claims or Interests by or against Lightning Dock or any other person or to prejudice in any manner the rights of Lightning Dock or any person in any further proceedings involving Lightning Dock.

## ARTICLE X
## INJUNCTION AND EXCULPATION

10.1     **No Interference**. No Person shall be permitted to commence or continue any action or proceeding or perform any act to interfere with the implementation and consummation of the Plan or the payments required to be made hereunder.

10.2 **Injunction.** EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, THE DOCUMENTS EXECUTED PURSUANT TO THE PLAN, OR THE CONFIRMATION ORDER, ON AND AFTER THE EFFECTIVE DATE, ALL PERSONS AND ENTITIES WHO HAVE HELD, CURRENTLY HOLD, OR MAY HOLD CLAIMS AGAINST OR INTERESTS IN LIGHTNING DOCK OR THE ESTATE THAT AROSE PRIOR TO THE EFFECTIVE DATE (INCLUDING BUT NOT LIMITED TO STATES AND OTHER GOVERNMENTAL UNITS, AND ANY STATE OFFICIAL, EMPLOYEE, OR OTHER ENTITY ACTING IN AN INDIVIDUAL OR OFFICIAL CAPACITY ON BEHALF OF ANY STATE OF OTHER GOVERNMENTAL UNIT) ARE PERMANENTLY ENJOINED FROM (I) COMMENCING OR CONTINUING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY ACTION OR OTHER PROCEEDING AGAINST ANY PROTECTED PARTY OR ANY PROPERTY OF ANY PROTECTED PARTY; (II) ENFORCING, ATTACHING, EXECUTING, COLLECTING, OR RECOVERING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST ANY PROTECTED PARTY; (III) CREATING, PERFECTING, OR ENFORCING, DIRECTLY OR INDIRECTLY, ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST ANY PROTECTED PARTY OR ANY PROPERTY OF ANY PROTECTED PARTY; (IV) ASSERTING OR EFFECTING, DIRECTLY OR INDIRECTLY, ANY SETOFF OR RIGHT OF SUBROGATION OF ANY KIND AGAINST OBLIGATIONS DUE TO ANY PROTECTED PARTY OR ANY PROPERTY OF ANY PROTECTED PARTY; OR (V) ANY ACT, IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM TO, COMPLY WITH, OR IS INCONSISTENT WITH ANY PROVISIONS OF THE PLAN. ANY PERSON OR ENTITY INJURED BY ANY WILLFUL VIOLATION OF SUCH INJUNCTION SHALL RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES, AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR. NOTHING CONTAINED HEREIN SHALL PROHIBIT THE HOLDER OF A DISPUTED CLAIM FROM LITIGATING ITS RIGHT TO SEEK TO HAVE SUCH DISPUTED CLAIM DECLARED AN ALLOWED CLAIM AND PAID IN ACCORDANCE WITH THE PLAN.

10.3 **Term of Stay.** UNLESS OTHERWISE PROVIDED IN ACCORDANCE WITH THE PLAN OR AN APPLICABLE ORDER OF THE BANKRUPTCY COURT, ALL INJUNCTIONS OR STAYS PROVIDED FOR IN THE CASE PURSUANT TO SECTIONS 105 OR 362 OF THE BANKRUPTCY CODE SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL THE ENTRY OF THE FINAL DECREE. IN ACCORDANCE THEREWITH, AND WITHOUT LIMITING THE FOREGOING, UNTIL THE ENTRY OF THE FINAL DECREE, ALL PERSONS OR ENTITIES ARE STAYED FROM (I) THE COMMENCEMENT OR CONTINUATION OF A JUDICIAL, ADMINISTRATIVE OR OTHER ACTION OR PROCEEDING, INCLUDING THE EMPLOYMENT OF SERVICE OF PROCESS, AGAINST LIGHTNING DOCK THAT WAS OR COULD HAVE BEEN COMMENCED PRIOR TO THE PETITION DATE, OR TO RECOVER A CLAIM AGAINST LIGHTING DOCK THAT AROSE PRIOR TO THE PETITION DATE, (II) THE ENFORCEMENT, AGAINST LIGHTENING DOCK OR AGAINST PROPERTY OF THE ESTATE, OF A JUDGMENT OBTAINED BEFORE THE PETITION DATE, (III) ANY ACT TO OBTAIN POSSESSION OF PROPERTY OF THE ESTATE OR OF PROPERTY FROM THE ESTATEOR TO EXERCISE CONTROL OVER PROPERTY OF THE ESTATE, (IV) ANY ACT TO CREATE, PERFECT, OR ENFORCE ANY LIEN AGAINST PROPERTY OF THE ESTATE, AND (V) ANY ACT TO COLLECT, ASSESS, OR RECOVER A CLAIM AGAINST LIGHTNING DOCK THAT AROSE BEFORE THE PETITION DATE.

10.4 **Release and Exculpation of Released Parties.** EFFECTIVE AS OF THE EFFECTIVE DATE, EACH RELEASED PARTY IS HEREBY EXCULPATED AND RELEASED FROM ANY CLAIM, CAUSE OF ACTION OR LIABILITY TO ANY PERSON OR ENTITY OR TO ANY HOLDER OF A CLAIM OR INTEREST, FOR ANY ACT OR OMISSION IN CONNECTION WITH OR ARISING OUT OF OR RELATING TO LIGHTNING DOCK THAT OCCURRED OR AROSE ON OR BEFORE THE EFFECTIVE

DATE, INCLUDING WITHOUT LIMITATION ANY ACT OR OMISSION RELATED TO THE FORMULATION, CONFIRMATION, CONSUMMATION, AND/OR ADMINISTRATION OF THE PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE PLAN, EXCEPT IF SUCH ACT OR OMISSION IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT, AND IN ALL RESPECTS, EACH OF SUCH PERSONS SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES AND SHALL BE FULLY PROTECTED IN ACTING OR IN REFRAINING FROM ACTION IN ACCORDANCE WITH SUCH ADVICE.

10.5 **Insurance Preservation**. Nothing in the Plan, including any exculpation provisions or releases, if applicable, shall diminish or impair Lightning Dock's or Reorganized Lightning Dock's ability to enforce any Insurance Policies or other policies of insurance that may cover Insurance Claims or other Claims against Lightning Dock, Reorganized Lightning Dock or any other Person. All such Insurance Policies or other policies of insurance shall remain in full force and effect.

## ARTICLE XI
## MISCELLANEOUS PROVISIONS

11.1 **Revocation and Withdrawal of the Plan**. FE-Evergreen reserves the right to revoke or withdraw the Plan at any time before entry of a Confirmation Order. If FE-Evergreen revokes or withdraws the Plan prior to the Confirmation Date, or if Confirmation or the Effective Date does not occur, then the Plan shall be deemed to be null and void as to the Estate. In such event, nothing contained in the Plan or in any document relating to the Plan shall be deemed to constitute an admission of validity, waiver or release of any Claims by or against Lightning Dock or any Person or to prejudice in any manner the rights of Lightning Dock or any Person in any proceeding involving Lightning Dock.

11.2 **Governing Law**. Except to the extent the Bankruptcy Code or Bankruptcy Rules are applicable, and subject to the provisions of any contract, instrument, release, indenture or other agreement or document entered into in connection with the Plan, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, notwithstanding any conflicts of law principles, rules or laws to the contrary.

11.3 **Successors and Assigns**. The rights, benefits and obligations of any Person named or referred to in the Plan shall be binding upon, and shall inure to the benefit of, the heir, executor, administrator, successor or assign of such Person.

11.4 **Time**. In computing any period of time prescribed or allowed by the Plan, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is not a Business Day or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office for such court inaccessible, in which event the period runs until the end of the next day that is not one of the aforementioned days. When the period of time prescribed or allowed is less than eight (8) calendar days, intermediate days that are not Business Days shall be excluded from the computation.

11.5　**Construction**. The rules of construction set forth in section 102 of the Bankruptcy Code shall apply to the construction of the Plan.

11.6　**Amendments**. The Plan may be amended, modified or supplemented by FE-Evergreen before the Effective Date and by Reorganized Lightning Dock after the Effective Date, in each case only in the manner provided for by section 1127 of the Bankruptcy Code, Bankruptcy Rule 3019 and applicable law.

11.7　**Post-Confirmation Effect of Evidences of Claims or Interests**. From and after the Effective Date, all promissory notes evidencing obligations of Lightning Dock and other evidences of Claims that arose prior to the Effective Date shall be deemed canceled, null, void, and of no force or effect whatsoever, and shall constitute no more than evidence of the Holder's right to treatment of the Claim so evidenced in accordance with the Plan.

11.8　**Section 1145 Exemption**. Pursuant to section 1145 of the Bankruptcy Code, neither section 5 of the Securities Act of 1933 nor any State or local law requiring registration for offer or sale of a security or registration or licensing of an issuer of, underwriter of, or broker or dealer in securities shall apply with respect to any security being offered, sold or transferred under the Plan on account of Allowed Claims.

11.9　**Section 1146 Exemption**. Pursuant to section 1146 of the Bankruptcy Code, the issuance, transfer or exchange of any security under the Plan or the making or delivery of any instrument of transfer pursuant to, in implementation of, or as contemplated by the Plan, or the re-vesting, transfer or sale of any real or personal property of Lightning Dock or Reorganized Lightning Dock pursuant to, in implementation of, or as contemplated by the Plan shall not be taxed under any state or local law imposing a stamp tax, transfer tax or similar tax or fee.

11.10　**Compliance with Tax Requirements**. In connection with the Plan, to the extent applicable, Lightning Dock, Reorganized Lightning Dock or any agent thereof making Distributions in accordance with the Plan shall comply with all reporting and withholding requirements imposed on them by any governmental unit.

11.11　**Further Actions**. Lightning Dock and Reorganized Lightning Dock shall be authorized to execute, deliver, file or record such documents, contracts, instruments, releases and other agreements and take such other action as may be necessary to effectuate and further evidence the terms and conditions of the Plan.

11.12　**Severability of Plan Provisions**. If, prior to Confirmation, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court will have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision then will be applicable as altered or interpreted; provided, however, that any such alteration or interpretation must be in form and substance acceptable to FE-Evergreen. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired or invalidated by such holding, alteration or interpretation. The Confirmation Order will constitute a judicial determination and

will provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

## ARTICLE XII
## REQUEST FOR CONFIRMATION

FE-Evergreen requests confirmation of the Plan under section 1129 of the Bankruptcy Code.

**EVERGREEN-FE LIGHTNING DOCK, LLC**

By: _____